**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

January 13, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-2662

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　*Plaintiff-Appellee*,<br><br>　　*v.*<br><br>TEK NGO,<br>　　　　　*Defendant-Appellant* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No.03-CR-110-C<br><br>Barbara B. Crabb,<br>*Chief Judge* |

**O R D E R**

After the Supreme Court held that the sentencing guidelines are to be applied only in an advisory fashion, *United States v. Booker*, 125 S. Ct. 738 (2005), we ordered a limited remand to determine whether the district court would have sentenced Ngo differently had it known that it was not bound by the guidelines. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005). The district judge replied that she would have imposed an identical sentence even under advisory guidelines. We invited the parties to file arguments concerning the reasonableness of Ngo's sentence, and after considering both responses, we affirm.

The district court, after determining that Ngo is a career offender, imposed a sentence of 210 months—the low end of the range of 210 to 240 months. Ngo makes no argument as to why this sentence might be unreasonable. Instead he argues

that the "only appropriate remedy for the *Booker* violation in this case is a remand for resentencing" and that the sentencing error was plain "regardless of the district court's speculation as to what it might have done." In short, he challenges the procedure outlined by *Paladino*. But he has not rebutted the presumption of reasonableness that applies to a sentence within the properly calculated guideline range. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).

The district court acknowledged, in accordance with our May 3 opinion, that whether Ngo should be considered a career offender under the guidelines is a close question in light of the relatedness of the predicate crimes. Upon reconsideration the district judge has decided that it was indeed appropriate to sentence Ngo as a career offender. We cannot say that its conclusion is unreasonable given the advisory nature of the guidelines and, more importantly, Ngo's failure to offer any argument on the subject. The district court considered the factors set forth in 18 U.S.C. § 3553(a) and found that the sentence imposed was appropriate in light of the interests in holding Ngo accountable for the severity of his crimes and protecting the community from further criminal conduct. We therefore AFFIRM the judgment of the district court.